UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT MOHNACKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:13-CV-246-XR |
| | § | |
| FTS INTERNATIONAL SERVICES, LLC, | § | |
| FORMERLY KNOWN AS | § | |
| FRAC TECH SERVICES, LLC | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, FTS International Services, LLC (hereafter "Defendant"), files this Answer to Plaintiff's Original Complaint (the "Complaint").

### I. JURISDICTION AND VENUE

1. Defendant neither admits nor denies the allegations contained in Paragraph No. 1 of the Plaintiff's Complaint as they are explanatory in nature and require no factual response. To the extent Plaintiff intends Paragraph No. 1 to be an assertion of fact, Defendant denies same.

2. Defendant neither admits nor denies the allegations contained in Paragraph No. 2 of the Plaintiff's Complaint as they are jurisdictional in nature and require no factual response. Defendant admits that this Court has subject matter jurisdiction over this action.

### II. PARTIES

3. Defendant admits, on information and belief, that Plaintiff is a citizen of the United States, but can neither admit nor deny Plaintiff's residential location or domicile for

lack of knowledge. Defendant admits that it was doing business within the Western District of Texas at the times referenced in the Plaintiff's Complaint.

4. Defendant admits that it was Plaintiff's employer during times relevant to Plaintiff's allegations.

5. Defendant admits the allegations contained in Paragraph No. 5 of the Plaintiff's Complaint.

6. Defendant admits that it is an employer covered by the Fair Labor Standards Act.

7. Defendant admits the allegations contained in Paragraph No. 7 of the Plaintiff's Complaint.

### III. SUMMARY OF CASE

8. Defendant neither admits or denies the allegations contained in the first sentence of Paragraph No. 8 of the Plaintiff's Complaint as they are explanatory in nature and require no factual response; to the extent Plaintiff intends the allegations contained in the first sentence of Paragraph No 8 to be factual, Defendant denies same. Defendant denies the allegations contained in the second sentence of Paragraph No. 8 of the Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph No. 9 of the Plaintiff's Complaint other than to admit that the case cited by Plaintiff therein was a case based upon the Fair Labor Standards Act which alleged misclassification of employees.

10. Defendant denies the allegations contained in Paragraph No. 10 of the Plaintiff's Complaint other than to admit that the case cited by Plaintiff therein is a case based upon the Fair Labor Standards Act alleging misclassification of employees.

11. Defendant admits the allegations contained in Paragraph No. 11 of the

Plaintiff's Complaint.

## IV. FACTUAL ALLEGATIONS

12. Defendant incorporates by reference all averments and responses set forth in Paragraph Nos. 1-11 in response to Paragraph No. 12 of the Plaintiff's Complaint.

13. Defendant admits that Mohnacky was employed as a field coordinator or service supervisor during times of his employment with Defendant. Defendant denies the remaining allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant denies that the Plaintiff was misclassified under the job title field coordinator or service supervisor and denies that Plaintiff is entitled to any damages as asserted in the Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph No. 15 of the Plaintiff's Complaint.

16. Defendant admits the allegations contained in Paragraph No. 16 of the Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph No. 17 of the Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph No. 18 of the Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph No. 19 of the Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph No. 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph No. 21 of the

Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph No. 22 of the Plaintiff's Complaint.

23. Defendant admits that during the time Plaintiff was classified as salaried exempt, he may have worked more than 40 hours per week, but denies the remaining allegations contained in Paragraph 23 of the Plaintiff's Complaint.

## V. LEGAL ALLEGATIONS
## FIRST CAUSE OF ACTION: VIOLATION OF THE FLSA
## (FAILURE TO PAY OVERTIME WAGES)

24. Defendant incorporates by reference all averments and responses set forth in Paragraph Nos. 1-23 in response to Paragraph No. 24 of the Plaintiff's Complaint.

25. Defendant neither admits nor denies the allegations contained in Paragraph No. 25 of the Plaintiff's Complaint as they are jurisdictional in nature and require no factual response. To the extent Plaintiff intends Paragraph 25 to be an assertion of fact, Defendant denies same.

26. Defendant admits the allegations contained in Paragraph No. 26 of the Plaintiff's Complaint.

27. Defendant admits the allegations contained in Paragraph No. 27 of the Plaintiff's Complaint.

28. Defendant neither admits nor denies the allegations contained in Paragraph No. 28 of the Plaintiff's Complaint as it is a statement of law and requires no factual response.

29. Defendant denies the allegations as stated in Paragraph No. 29 of the Plaintiff's Complaint. Plaintiff was properly paid a salary for all hours worked.

30. Defendant denies the allegations contained in Paragraph No. 30 of the Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph No. 31 of the Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph No. 32 of the Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph No. 33 of the Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph No. 34 of the Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph No. 35 of the Plaintiff's Complaint.

36. Defendant admits that Plaintiff may have worked in excess of 40 hours per week and that such work was related to the employee's principal employment, but denies the remaining allegations contained in Paragraph No. 36 of the Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph No. 37 of the Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph No. 38 of the Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph No. 39 of the Plaintiff's Complaint as written, and asserts that it appropriately compensated the Plaintiff for all hours worked and denies any violations of the Fair Labor Standards Act as asserted by the Plaintiff.

40. Defendant denies any alleged violations as asserted by the Plaintiff in Paragraph No. 40 of the Plaintiff's Complaint, but neither admits nor denies any other allegations contained in Paragraph 40 of the Plaintiff's Complaint as they amount to a statement of law and require no factual response.

41. Defendant denies the allegations contained in Paragraph No. 41 of the Plaintiff's Complaint.

## VI. LEAVE TO AMEND

42. Defendant neither admits nor denies the allegations contained in Paragraph No. 42 of the Plaintiff's Complaint as they require no factual response.

43. Defendant denies that the Plaintiff is entitled to any of the relief sought in the paragraph beginning with "Wherefore", and denies any factual allegations asserted therein.

## VII. AFFIRMATIVE DEFENSES

1. Defendants assert that the Plaintiff was appropriately classified as exempt, administrative, executive or professional employee under the Fair Labor Standards Act and is therefore not entitled to overtime compensation.

2. For further answer herein, if necessary, Defendant affirmatively asserts that at all times material to this Complaint, Defendant has acted in good faith and upon reasonable reliance upon the provisions of the Fair Labor Standards Act, interpretive case law of that act, and opinion letters of the Department of Labor.

3. For further answer herein, if necessary, Defendant affirmatively asserts that Plaintiff has been fully and appropriately paid for all working time.

4. For further answer herein, if necessary, Defendant affirmatively asserts that the Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

5. For further answer herein, if necessary, Defendant affirmatively asserts that the Plaintiff did not work in excess of 40 hours per week during some of the work weeks relevant to this lawsuit.

6. For further answer herein, if necessary, Defendant claims any right of offset or recoupment of claimed damages to the extent payment has already been made to the Plaintiff or to the extent any of the Plaintiff has been overpaid.

7. For further answer herein, if necessary, Defendant affirmatively asserts that the Plaintiff's pay was in compliance with the overtime requirements of the Fair Labor Standards Act. Alternatively, to the extent of such time for which Plaintiff was allegedly not compensated, such claim is *de minimus*, and is not compensable under the FLSA.

8. For further answer herein, if necessary, Defendant asserts that Plaintiff was an exempt employee and is not entitled to overtime under all applicable regulations and provisions of the Fair Labor Standards Act, including, without limitation, 29 U.S.C. § 213(a)(1).

9. Defendant reserves the right to amend its answer, to raise additional defenses and pursue any other available counterclaims against Plaintiff upon close of discovery or in compliance with the Court's scheduling order.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that upon trial or other appropriate hearing, the Court dismiss Plaintiff's claims with prejudice, issue an order finding in the Defendant's favor and awarding Defendant its costs of court or any other fees to which it may justly be entitled.

Respectfully submitted,

JACKSON LEWIS LLP
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008


By: <u>/s/ Paul E. Hash</u>
    Paul E. Hash, Esq.
    State Bar of Texas No. 09198020

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, on August 14, 2013, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

    Josh Sanford
    Sanford Law Firm, PLLC
    One Financial Center
    650 Shackleford Road, Suite 400
    Little Rock, Arkansas 72211


    <u>/s/ Paul E. Hash</u>
    ONE OF COUNSEL